THE TRUSTEES OF THE METHODIST
PROTESTANT CHURCH, &c.
vs.                                  } July Term, 1847.
THE MAYOR AND CITY COUNCIL
OF BALTIMORE.

[JURISDICTION.]

Upon a bill to enjoin the defendants from collecting a tax imposed by the street commissioner of the city of Baltimore, upon the property of the complainants, for widening a street—the acts of Assembly and ordinances of the City having given the right of appeal to all persons considering themselves thereby aggrieved, from the decisions of the commissioners to Baltimore City Court, which remedy the complainants failed to take—HELD—
That this court has no jurisdiction, and the injunction was dissolved.

THE CHANCELLOR:

The bill in this case was filed on the equity side of Baltimore County Court, and subsequently transferred to this court, under the provision of the act of assembly for that purpose.

It seeks to restrain, by injunction, the Mayor and City Council of Baltimore and their agents, from proceeding to collect a tax and assessment, which had been imposed upon the property of the complainants, as and for a benefit which, in the judgment of the street commissioners of the city of Baltimore, had been conferred upon their property by the widening of "Little Ais-

quith street." The interposition of the court is asked upon the ground that the commissioners in imposing the tax, have acted in disregard of the acts of Assembly, the ordinance of the Mayor and City Council in the premises, and especially in violation of those provisions of the laws and ordinances which exempt this property of the complainants from taxation. The injunction was ordered, and after answer filed, the proceedings were transferred to this court, in which the motion to dissolve has been argued by the solicitors for the parties.

The bill alleges that upon the lot of ground upon which the tax has been assessed, there is erected a building regularly used as a place of public worship; and it is contended that such property is, by the laws of this state, and the ordinances of this city, exempt from taxation for any purpose.

The answer denies the allegation as to the use of the building, and some proof has been taken in regard to the character of the building and its use, as a place of public worship. And the answer also insists, that by the ordinances of the city, upon the subject of opening and widening streets, an appeal to Baltimore City Court is allowed to all persons improperly assessed by the street commissioners, and that in that court, and not here, the case made by the bill is cognizable, and, therefore, the jurisdiction of the Chancery Court is denied.

The Chancellor concurs in this view of the subject, and for that reason forbears to express an opinion upon the other questions which have been argued by the counsel.

It was said by the Court of Appeals, in the case of *Gott & Wilson* vs. *Carr*, 6 *Gill & Johns.*, 312, that it is a salutary principle of law, that every person is bound to take care of and protect his own rights and interests, and to vindicate them in due season and in the proper place. And because the complainant in that case did not vindicate his rights in due season and in the proper place, the interposition of the Chancery Court in his favor was refused. I think the principle of that case applies to this. The act of 1838, ch. 226, which gives to the corporate authorities of Baltimore, the power to lay out, and open and widen streets, &c., directs, among other things, that

they shall have power to provide for granting appeals to Balti-more City Court from the decisions of the commissioners, and to secure to every person, interested in such decisions, the trial by jury, on application within a reasonable time. And the 9th section of the ordinances of the city, No. 10, 1841, approved on the 9th of March of that year, which is an ordinance for ex-ercising the powers vested in the city, by the act of 1838, ch. 226, confers upon persons who may be dissatisfied with the assessment of damages, or benefits, which may be made by the commissioners, the right of appeal within a limited and reason-able time to the judges of Baltimore City Court, and gives to the said judges, power to hear and fully examine the subject, and decide thereon; with a provision for summoning a jury, to try any question of fact. And a similar provision in reference to the right of appeal is made by the 9th section of the ordi-nance, No. 59, of 1846.

The street in question was widened under ordinance No. 49 of 1846, which directs that the street commissioners shall pro-ceed in all respects in the widening of the street, agreeably to the provisions of the ordinance of the 9th of March, 1841, and consequently the right of appeal to the City Court, secured by the latter ordinance, might have been enjoyed by any person conceiving himself aggrieved by the judgment of the commis-sioners. It seems to me, that the remedy thus provided for the examination and correction (if erroneous) of the proceed-ings of the commissioners, should have been taken by these complainants, and that they have no right, passing by that remedy, to invoke the extraordinary power of a court of Chan-cery, to interpose by way of injunction for their relief. The injunction will consequently be dissolved.

———

T. P. Scott for Complainants.

Benj. C. Presstman and J. Mason Campbell for Defend-ants.